UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RAYMOND C. NOVAK and ROSEMARIE )
NOVAK, )
      Plaintiffs, )
       )
      vs. )    1:10-cv-677-RLY-DKL
       )
INDIANA FAMILY AND SOCIAL )
SERVICES ADMINISTRATION, ANNE )
MURPHY in her official capacity as )
Secretary of FSSA and INTERNATIONAL )
BUSINESS MACHINES CORPORATION, )
      Defendants. )

**ORDER OF REMAND**

Following settlement or dismissal of all federal claims, the only claim which remains in this litigation is for judicial review of a state administrative agency decision denying medicaid benefits to Raymond Novak, who has since deceased. His spouse remains a plaintiff and continues to appeal the agency decision. On February 7, 2012, this court entered an order to show cause as to why the matter should not be remanded to state court in light of the general presumption in this circuit that supplemental jurisdiction should be relinquished. *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008).

Since the entry of the order to show cause, Plaintiff has filed a response urging the court to retain jurisdiction and conduct the judicial review. She argues that judicial

economy would be better served because briefing is complete and the case has been on the docket for 18 months. She also contends that at age 82, she would face undue prejudice by the delay which would occur upon remand.

In addition, following the court's order to show cause, the Seventh Circuit affirmed a remand by a district court which was challenged on the basis of judicial economy. In so doing it stated:

> When federal claims drop out of the case, leaving only state-law claims, the district court has broad discretion to decide whether to keep the case or relinquish supplemental jurisdiction over the state-law claims. A general presumption in favor of relinquishment applies and is particularly strong where, as here, the state-law claims are complex and raise unsettled legal issues.

*RWJ Management Co., Inc. v. BP Products North America, Inc.*, __ F.3d __, 2012 WL 499043 *1 (7th Cir. February 16, 2012).

This court sees two critical questions at the heart of this dispute, both of which impact the State of Indiana's interpretation of its own administrative rules and procedures as well as federal guidelines for procuring medicaid assistance. The first question of import is: When can a person petition a court for the an order approving the transfer of assets for the benefit of the community spouse? If such a petition can be pursued preemptively, prior to an assessment, it would seem somewhat counterintuitive and contrary to at least three decisions from other states which have considered this timing issue. *See e.g., Alford v. Mississippi Div. of Medicaid,* 30 So. 3d 1212, 1221 (Miss.

2010) *cert. denied*, 131 S. Ct. 224, 178 L. Ed. 2d 135 (U.S. 2010); *Amos v. Estate of Amos*, 267 S.W.3d 761, 763 (Mo.Ct.App. 2008); *Arkansas Dept. of Health and Human Services v. Smith*, 262 S.W.3d 167 (Ark. 2007).

Even if an asset transfer can be pursued prior to an assessment, there remains the question of whether the assets which the state court ordered transferred must actually be transferred in order for the Community Spouse Resource Allowance to be calculated on the basis of that state court order. This question, as well as the first, impacts greatly upon Indiana's administrative oversight of the medicaid benefits procural process. These are questions which "are complex and raise unsettled legal issues." *RWJ Management Co., Inc. v. BP Products North America, Inc.*, at *1. The propriety of deferring to Indiana courts to conduct the judicial review of this administrative decision and to answer these unsettled questions outweighs any prejudice which Mrs. Novak may experience. Further, the fact that the briefs have already been prepared, suggests that any delay on remand will not be significant as the same briefs can be presented immediately to the state court for its perusal. Indeed, the briefs were prepared prior to the settlement of the last pending federal claim, which settlement prompted the presumption in favor of the court's withdrawal of supplemental jurisdiction.

Accordingly, pursuant to 28 U.S.C. § 1367(c), this action is **ORDERED**

**REMANDED** forthwith to the Marion Superior Court.

**SO ORDERED** 02/29/2012

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Daniel K. Burke
HOOVER HULL LLP
dburke@hooverhull.com

Aaron D. Charfoos
KIRKLAND & ELLIS LLP
aaron.charfoos@kirkland.com

Adam Clay
INDIANA ATTORNEY GENERAL
Adam.Clay@atg.in.gov

Wendy Netter Epstein
KIRKLAND & ELLIS LLP
wendy.epstein@kirkland.com

Jason L. Fulk
HOOVER HULL LLP
jfulk@hooverhull.com

Zachary D. Holmstead
KIRKLAND & ELLIS
zachary.holmstead@kirkland.com

Anna May Howard
SEVERNS & STINSON LAW FIRM
amh@severns.com

Andrew W. Hull
HOOVER HULL LLP
awhull@hooverhull.com

Laurie E. Martin
HOOVER HULL LLP
lmartin@hooverhull.com

Steven D. McCormick
KIRLAND & ELLIS LLP
smccormick@kirkland.com

Scott Richard Severns
SEVERNS & ASSOCIATES
sseverns@severns.com

Anne M. Sidrys
KIRKLAND & ELLIS LLP
anne.sidrys@kirkland.com

Diana M. Watral
KIRKLAND & ELLIS LLP
diana.watral@kirkland.com